IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CLASSIC AVIATION HOLDINGS LLC and CLASSIC AIR CARE LLC, dba CLASSIC AIR MEDICAL and dba CLASSIC LIFEGUARD,<br><br>    Plaintiffs,<br><br>v.<br><br>KIM HARROWER and GRETCHEN SCHMID,<br><br>    Defendants. | **ORDER DENYING MOTION TO STAY DISCOVERY**<br><br>2:20-cv-00824-RJS-JCB<br><br>Chief District Judge Robert J. Shelby<br><br>Magistrate Judge Jared C. Bennett |

Before the court is Defendants Kim Harrower and Gretchen Schmid's (collectively, Defendants) Motion to Stay Discovery.[1] For the reasons explained below, Defendants' Motion is DENIED.

## BACKGROUND

Plaintiffs Classic Aviation Holdings, LLC, et al. (Classic) filed this lawsuit on November 20, 2020, initially making claims against four named defendants.[2] At the time of filing, Classic also sought a temporary restraining order and a preliminary injunction to prevent Defendants from operating a competing air ambulance business in Jackson Hole, Wyoming.[3] Classic alleged the competing business was created using Classic's confidential business information.[4] On November 25, 2020, the parties participated in a status conference,[5] in which the court raised

---

[1] Dkt. 36.

[2] Dkt. 2. The initial Complaint named Kim Harrower, Gretchen Schmid, Mountain Air Medical, LLC, and Gary S. Roubin as defendants.

[3] Dkt. 9.

[4] *See* Dkt. 2 ¶¶ 1–7.

[5] Dkt. 26.

several jurisdictional concerns. On December 8, 2020, Classic filed an Amended Complaint, dismissing two of the named defendants and dropping several of its original claims.[6] After the parties engaged in further discussions,[7] Classic elected to forgo its Motion for Temporary Restraining Order.[8]

On December 28, 2020, the remaining Defendants, Kim Harrower and Gretchen Schmid, filed a Motion to Dismiss, arguing lack of personal jurisdiction, improper venue, and failure to state a claim.[9] Before Classic responded to the Motion, Defendants filed on January 11, 2021 a Motion to Stay Discovery pending the resolution of their Motion to Dismiss.[10]

In their Motion to Stay, Defendants ask the court to stay discovery because (1) the jurisdictional and venue challenges raised by Defendants should be resolved before discovery proceeds; (2) Defendants cannot participate in discovery without risking their personal jurisdiction defense; (3) the permissible scope of discovery could be impacted by the possible dispositive nature of Defendants' Motion to Dismiss; and (4) a temporary stay will not cause undue delay or hardship to Classic.[11]

In response, Classic contends Defendants have not met their burden establishing the necessity of a stay. Specifically, Classic argues that (1) a pending dispositive motion provides no basis for a stay of discovery, (2) a stay is not necessary to avoid confusion or inconsistent

---

[6] *See* Dkt. 29. The Amended Complaint removed Mountain Air Medical, LLC and Gary S. Roubin as defendants and dropped its misappropriation of trade secrets claims.

[7] *See* Dkt. 38 (Plaintiffs' Opp. Memo.) at 3 (stating the "parties met and conferred pursuant to Fed. R. Civ. P. 26(f) on December 22, 2020.").

[8] Dkt. 33. Classic did not actively pursue its Motion for Temporary Restraint while the parties were engaged in negotiations. Classic officially withdrew the Motion on January 7, 2021.

[9] Dkt. 31.

[10] Dkt. 36.

[11] *See* Dkt. 36 at 3.

results, and (3) Defendants have failed to identify any prejudice or undue hardship they would suffer if ordered to comply with the discovery process.[12]

## LEGAL STANDARD

District courts "have 'broad discretion' in deciding whether to issue a stay of discovery."[13] Because "the right to proceed in court should not be denied except under the most extreme circumstances," the movant seeking a stay "must make a strong showing of necessity[.]"[14] That is, "if even a fair possibility exists that the stay would damage another party," the movant "must demonstrate a clear case of hardship or inequity."[15] The party seeking a stay therefore "generally faces a difficult burden."[16]

Classic argues a different standard applies and urges the court to weigh the Motion by considering "whether a stay would (1) promote judicial economy; (2) avoid confusion and inconsistent results; and (3) unduly prejudice the parties or create undue hardship."[17] But courts typically look to those factors only when deciding whether to grant a stay pending the result of another proceeding.[18] Here, no other proceeding is pending. Accordingly, the court applies the "strong showing of necessity" standard.

---

[12] Dkt. 38 at 2.

[13] *White Knuckle, IP, LLC v. Electronic Arts Inc.*, No. 1:15-cv-00036-DN-BCW, 2015 WL 5022579, at *1 (D. Utah Aug. 24, 2015) (citing *Cole v. Ruidoso Mun. Schools*, 43 F.3d 1373, 1386 (10th Cir. 1994)).

[14] *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983) (quotation marks and citation omitted); *see also White Knuckle, IP, LLC*, 2015 WL 5022579, at *1 (same).

[15] *Ben Ezra, Weinstein, & Co. v. Am. Online Inc.*, 206 F.3d 980, 987 (10th Cir. 2000) (internal quotation marks and citations omitted).

[16] *White Knuckle*, 2015 WL 5022579, at *1 (quoting *SWEPI, LP v. Mora Cnty., N.M.*, Case No. CIV 14–0035 JB/SCY, 2014 WL 7474084, at *15 (D.N.M. Dec. 19, 2014)).

[17] Dkt. 38 at 3 (quoting *Franklin Templeton Bank & Tr. v. Butler*, No. 2:15-cv-435-JNP-EJF, 2016 WL 3129141, at *5 (D. Utah June 2, 2016)).

[18] *See Franklin*, 2016 WL 3129141, at *5 (denying a motion to stay by a non-arbitrating party pending the outcome of the arbitration proceeding for the other parties involved in the case); *UBS Bank USA v. Hawit*, No. 2:09-cv-00032DAK, 2009 WL 2366046, at *2 (D. Utah July 31, 2009) (same).

## ANALYSIS

Defendants fail to make the requisite strong showing of necessity to justify their Motion. At bottom, Defendants argue a stay is warranted because a pending potentially dispositive motion, which alleges preliminary jurisdictional and venue challenges, should be adjudicated before discovery can begin.[19] Because the court's decision on the motion may impact the scope of discovery, compelling Defendants to participate in discovery could be unnecessary, leading to undue burden and expense.[20] The court disagrees.

As an initial matter, the mere filing of a potentially dispositive motion based on jurisdictional grounds does not provide a basis for the court to grant a stay of discovery.[21] At this stage of the litigation, it is not certain Defendants' Motion to Dismiss will be successful, and Defendants cannot rely on the assumption they will later prevail on the merits to attempt to stay discovery proceedings now.[22] Even if the court were to dismiss the case for lack of personal jurisdiction, Classic could refile it in the District of Wyoming, and the discovery requests would remain the same.[23] "Staying discovery thus may only serve to slow down litigation and delay the case's resolution."[24]

---

[19] Dkt. 36 at 3.

[20] *See id.* at 4; Dkt. 41 (Defs.' Reply) at 3.

[21] *See Fabara v. GoFit, LLC*, No. CIV 14-1146 JB/KK, 2015 WL 3544296, at *1 (D.N.M. May 13, 2015) (*Fabara I*) (denying motion to stay discovery pending resolution of motion to dismiss for lack of personal jurisdiction).

[22] *See White Knuckle, IP, LLC.*, 2015 WL 5022579, at *3 (noting that even if a case is ultimately dismissed following a successful motion for judgment on the pleadings, that outcome is not certain and cannot be assumed for the purposes of a motion to stay discovery).

[23] *See Fabara I*, 2015 WL 3544296, at *11 (explaining that if the court were to grant the pending motion to dismiss, the plaintiff would refile the case in Oklahoma and use the same evidence already gathered in the initial discovery proceedings conducted in New Mexico); *SWEPI*, 2014 WL 7474084, at *22–23 (denying a motion to stay discovery where it was not assured a motion for judgment on the pleadings would be successful and explaining discovery may still be necessary even if the motion were granted).

[24] *SWEPI*, 2014 WL 7474084, at *22.

For similar reasons, Defendants' argument that the court's decision on the Motion to Dismiss may impact the scope of discovery also fails. Defendants contend "if any of Plaintiffs' claims are dismissed, discovery on those claims would be unnecessary."[25] This may be true, but such a position presumes Defendants will succeed on their Motion. This assumption is unwarranted at the current juncture. Moreover, Defendants have not explained what discovery requests may be out of scope, impermissible, or burdensome depending on how the Motion to Dismiss is decided. Without this information, the court is unwilling to issue a blanket order staying all discovery proceedings when there is a possibility the case will continue.[26]

Importantly here, Defendants have not demonstrated "a clear case of hardship or inequity" if they were to engage in the discovery process.[27] Defendants argue if they were to respond to Classic's requests, it would jeopardize their personal jurisdiction defense.[28] This is not so. A defendant may implicitly waive their lack-of-personal-jurisdiction defense by actively participating in the case or by waiting a significant period of time before submitting a Federal Rule of Civil Procedure 12(b)(2) motion.[29] Here, after Classic filed its Amended Complaint on December 8, 2020,[30] Defendants argued this court lacked personal jurisdiction less than three weeks later in their Motion to Dismiss.[31] This action demonstrates Defendants have properly

---

[25] Dkt. 36 at 4.

[26] While "filtering out overly burdensome discovery requests before issuing dispositive orders" can save the parties and the court significant time and expense, a party must first demonstrate to the court how the discovery requests are unnecessarily broad or unduly increase the party's costs to comply with them. *See Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 (11th Cir. 1997).

[27] *Ben Ezra*, 206 F.3d at 987.

[28] Dkt. 36 at 4.

[29] *See Fabara v. GoFit, LLC*, 308 F.R.D. 380, 393 (D.N.M. 2015), *as amended* (Aug. 20, 2015) (*Fabara II*) (collecting cases). A Rule 12(b)(2) motion raises the defense of lack of personal jurisdiction. *See* Fed. R. Civ. P. 12(b)(2).

[30] Dkt. 29.

[31] *See* Dkt. 31. The Motion to Dismiss was filed on December 28, 2020.

raised a lack-of-personal-jurisdiction defense, and it will not be implicitly waived if Defendants comply with Classic's current discovery requests.[32] Indeed, Classic has also pledged it will not assert that Defendants have waived their jurisdictional challenges by participating in discovery.[33]

In sum, Defendants have failed to identify any "extreme circumstances" justifying this court to grant a stay of discovery.[34] They have not shown with particularity how their participation in the discovery process would be burdensome, unnecessary, or prejudicial.[35] However, because "[d]elays of discovery hinder the 'just, speedy, and inexpensive determination of every action and proceeding,'" a stay would impermissibly prejudice Classic by delaying the progression and resolution of this litigation.[36] Accordingly, the court concludes Defendants have not met their heavy burden of making a strong showing of necessity.

## CONCLUSION

For the foregoing reasons, Defendants' Motion is DENIED.[37] Defendants are ordered to respond to Classic's discovery requests.

SO ORDERED this 18th day of February 2021.

BY THE COURT:

_____
ROBERT J. SHELBY
United States Chief District Judge

---

[32] *See Fabara II*, 308 F.R.D. at 400 (explaining Defendant did not waive its personal jurisdiction defense through its conduct in the case, including by complying with discovery requests).

[33] *See* Dkt. 38 at 6.

[34] *Commodity Futures*, 713 F.2d at 1484.

[35] *See Fabara I*, 2015 WL 3544296, at *11 ("Defendants in civil cases face an uphill battle in putting the brakes on discovery," particularly where the number of factual issues is relatively small, the discovery requests are not burdensome, and the defendant has failed to show how it will suffer prejudice.).

[36] *United States ex rel. Brooks v. Stevens-Henager Coll., Inc.*, No. 2:15-cv-00119-JNP-EJF, 2017 WL 5241002, at *2 (D. Utah June 23, 2017) (quoting Fed. R. Civ. P. 1).

[37] Dkt. 36.